FILED

2004 Nov-22  AM 09:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **SCOTT BOOTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-04-HS-2812-NE** |
| | ) | |
| **QUANTUM 3d, INC., et al.,** | ) | |
| | ) | |
| **Defendants,** | ) | |

**<u>MEMORANDUM OF DECISION</u>**

This matter is before the Court on Plaintiff's Motion To Remand (doc. 7), Defendants'
Motion To Transfer Or, In The Alternative, To Dismiss (doc. 3) and Defendants' Motion For Leave
To File First Amendment To Answer (doc. 12).  For the reasons which follow, this Court finds and
holds: (i) the Motion to Remand is due to be denied; (ii) the Motion To Transfer is due to be granted;
and  (iii) the Motion For Leave To File First Amendment To Answer is deferred pending transfer
of this case.

<u>Factual and Procedural Background</u>

On September 10, 2004, Plaintiff filed a Complaint against Quantum3d and CG² in the
Circuit Court of Madison County, Alabama, seeking a declaratory judgment and injunctive relief
against the Defendants, Quantum3d and CG².  The Complaint sought a declaration of Plaintiff's
rights as to certain "Put Rights" created in Plaintiff pursuant to that certain agreement and plan of
merger among Quantum3d, Inc., CG² Acquisition Corporation and CG², Inc.  The agreement and
plan of merger ("Acquisition Agreement") provided for the simultaneous execution of and delivery

of certain other documents, including a non-competition agreement by and between Quantum3d, Inc., and each of its present or future subsidiaries (together, the "companies"), and Plaintiff.  CG² is a subsidiary of Quantum3d.

Pursuant to the non-competition agreement, Plaintiff agreed not to engage in certain activities, referred to as "restricted business" in a "restricted territory" and further agreed not to solicit CG²'s customers, suppliers, associates, employees or consultants or interfere in any manner in the contractual or employment relationship between Quantum3d or CG² and any customer, supplier, associate, employee or consultant of Quantum3d or CG².

Quantum3d and CG² timely filed a Notice Of Removal predicated on 28 U.S.C. § 1332(a)(1) (Diversity of Citizenship and Amount in Controversy) alleging that Quantum3d is a California corporation with principal place of business in the state of California and that Plaintiff is a citizen of the state of Alabama.  CG² is admittedly an Alabama corporation.  However, Defendants assert that CG² has been fraudulently joined in the action and that therefore its status may be disregarded. The basis for CG²'s allegation of fraudulent joinder is "there is no possibility the Plaintiff can establish a cause of action against the resident Defendant." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).  (Notice Of Removal, Par. 6.)

A copy of the Acquisition Agreement is attached to the Complaint.  The Plaintiff attached to its Motion To Remand a letter dated March 11, 2004, written on behalf of Quantum3d to Plaintiff stating that Plaintiff has "violated the express terms of the non-competition agreement between yourself and Q3d (the "Non-Competition Agreement").  (Exhibit A to Plaintiff's Motion To Remand.)  The letter reminds Plaintiff that, under the non-competition agreement, he agreed that he "shall not (i) engage or participate in any effort or act to solicit CG² customers, suppliers, associates,

2

employees or consultants to cease doing business, or their association or employment with CG² or (ii) interfere in any manner in the contractual or employment relationship between the company [Quantum3d] or CG² and any such customer, supplier, associate, employee or consultant of the company [Quantum3d] or CG²." (*Id.*) Finally, Plaintiff is reminded that the non-competition agreement provides that he "will treat and hold as confidential (and not disclose or provide access to any person or entity) and refrain from using for any purpose whatsoever any information, regardless of format, relating to intellectual property of CG² or to any product development, price, customer and supplier lists, pricing and marketing plans, policies and strategies, details of client or consultant contracts, operations methods, product development techniques, business acquisition plans, new personnel acquisition plans of CG² or any other confidential or proprietary information with respect to CG²." (*Id.*) The letter further states that Plaintiff has "decided to ignore these contractual obligations to Q3d. . . ." (*Id.*) The letter further states that Plaintiff has "elected to join a corporation that clearly is in direct competition with Q3d . . . , as well as solicit business from CG² and Q3d customers . . .." (*Id.*) The letter also further states that Plaintiff has misappropriated confidential information of Q3d, also in violation of the Non-Competition Agreement. Finally, the letter states that "you [Plaintiff] need to cease the above activities immediately.. . . In the meantime, however, Q3d is off setting, against the damages you have and are continuing to cause it, all further separation payments effective February 16, 2004 including your COBRA payments as of April 1, and any amounts due to you in the future under Section 5.1[1] of the ... [Acquisition Agreement]." (*Id.*) As Exhibit 1 to Defendants' Memorandum of Law In Opposition To Plaintiff's Motion To Remand, the Defendant, Quantum3d, Inc., attached a copy of the non-competition agreement.

---

[1] Section 5.1 of the Acquisition Agreement creates the "Put Rights" at issue.

<u>Discussion</u>

I.    Remand Standard

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed 2b 391 (1994).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377, 114 S. Ct. 1673.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1095 (11th Cir. 1994).  Federal court remand orders under 28 U.S.C. § 1447(c) are generally not subject to judicial review or reconsideration.  *See Harris v. Blue Cross/Blue Shield*, 951 F. 2d 325, 330 (11th Cir. 1992).

II.   Fraudulent Joinder

Defendants have asserted diversity as the sole basis for establishing this court's subject matter jurisdiction.  In arguing for diversity of jurisdiction, Defendants allege that "the only non-diverse Defendant, CG², has been fraudulently joined in this action."  Defendants argue that because Quantum3d was the only Defendant liable for Plaintiff's "Put Rights" obligation, Defendant CG² was fraudulently joined and diversity jurisdiction exists.[2]

The removing party has the burden of establishing fraudulent joinder.  The burden of establishing fraudulence is a "heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F. 3d 1368, 1380 (11th Cir. 1998).  "A fraudulent joinder claim must be asserted with particularity and supported by clear and convincing evidence." *Nat'l Union v. Liberty Mutual Ins. Co.*, 878 F. Supp. 199, 202 ( MD Ala. 1995) (citations omitted).

---

[2]There is no dispute that the amount in controversy exceeds $75,000.

4

"[F]ederal courts are courts of limited jurisdiction, so that any doubt about subject matter is to resolved against the removing defendant and in favor of paramount jurisdiction in the forum court chosen by the plaintiff, if that court is a court of competent jurisdiction over the controversy." *Davis v. Am. Medical Security*, 2004 Westlaw 2032517 (ND Alabama 2004) ( J. Acker).  All doubts about federal court jurisdiction must be resolved in favor of remand to state courts.  *Burns v. Windsor Ins. Co.*, 31 F. 3d at 1095.  "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to the state court."  *J. Gray v. HAS d/b/a Budget Auto Sales*, 18 F. Supp. 2d 1320, 1323 (MD Ala.1998) (quoting *Coker  v. Amoco Oil Co.*, 709  F. 2d 1433, 1440-1441 (11th Cir. 1983)).  In determining whether a resident defendant has been fraudulently joined, the district court "must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff."  *Coker*, 709 F. 2d at 1440.  (*Id.*)  *See also Everett v. MTD Products, Inc.*, 947 F. Supp. 441, 445 (ND Ala. 1996) (Defendant must support fraudulent joinder claim by clear and convincing evidence.)  Both parties may submit evidence on the issue and the court "must evaluate all disputed issues of law and fact in favor of the plaintiff". (*Id.*)  The Plaintiff asserts that CG² is not fraudulently joined because any determination of Plaintiff's "Put Rights" pursuant to the Acquisition Agreement is dependent upon a determination of whether or not Plaintiff has violated its non-competition agreement.  The non-competition agreement is referenced in the Acquisition Agreement.

At argument before the Court on October 22, 2004, and in briefs, counsel for both parties agreed that the Court could consider evidence beyond the Complaint and the Notice Of Removal. Specifically, the Court can consider the March 11, 2004, letter attached to Plaintiff's Motion To

Remand and the non-competition agreement attached to Defendants' Memorandum Of Law And

Opposition To Plaintiff's Motion To Remand.  *See Pacheco De Perez*, 139 F. 3d at 1380.

III.     Transfer

     The Eleventh Circuit generally will enforce a contractually binding forum selection clause.

*See P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F. 3d 804 (11th Cir. 2003).


Analysis - Fraudulent Joinder

     Plaintiff has sued for declaratory judgment under Alabama Code § 6-6-221 and 6-6-227.  The

latter code section requires that "all persons shall be made parties who have, or claim, any interest

which would be affected by the declaration.. . ."  Plaintiff argues that, since a determination of CG²'s

rights under the Non-Competition Agreement is a necessary incident to a determination of the

Plaintiff's "Put Rights", as claimed by the Defendant in their March 11, 2004, letter which

precipitated this law suit, CG² is a necessary party.

     However, a plain reading of Plaintiff's Complaint[3] shows that "[t]he acquisition agreement

provided that on the three year anniversary of the closing date, ... [Plaintiff] could require

QUANTUM 3D, INC. [sic] to buy all or a portion of ... [Plaintiff's] Quantum common stock at a per

share price of $3.00.  This provision was referred to as 'put rights.'"  (Complaint, Par. 8.)  Plaintiff

seeks a declaration (in Count I) that "the plaintiff is entitled to the full value of the "put rights" as

agreed to by these defendants in the original acquisition agreement" (Complaint, Par. 11).  Count II

is a claim for injunctive relief and seeks that the court "order these defendants to escrow

---

    [3]  Which is reinforced by a reading of the Acquisition Agreement which was attached to
the Complaint.

$1,414,077.00." This Court notes that injunctive relief is a remedy, not a claim. Even if it were a claim, the relief can only be awarded against a person determined under Count I to be obligated to pay the money claimed. Thus, an analysis of the fraudulent joinder claim is an analysis of whether or not "there is even a possibility that a state court would find that the complaint states a cause of action against the resident defendant." *J. Gray v. HAS d/b/a Budget Auto Sales*, *Op. Cit.*, 18 Fed. Supp. 2d at 1323.

This Court holds that there is no such possibility. It is undisputed that the only party that has any obligation as to the "Put Rights" is Quantum3d, the non-resident defendant. Thus, the Plaintiff's action for a declaratory judgment as to his rights under the Acquisition Agreement in no way involves CG[2.] Moreover, the only agreement which creates or affects the "Put Rights" is the Acquisition Agreement. A court will determine that Plaintiff is (or is not) "entitled to the full value of the 'put rights'" without any reference to the Non-Competition Agreement. There is nothing in the Acquisition Agreement that excuses payment of the put rights based on a violation of the Non-Competition Agreement. Even Quantum 3D's letter does not assert that a breach of the Non-Competition Agreement avoids or affects the "value of ... [Plaintiff's] 'put rights'." Rather, that letter states that because of the Plaintiff's alleged breach of the Non-Competition Agreement, Quantum 3d[4] would "offset" its damages incurred by reason of Plaintiff's alleged breach against monies Quantum 3d otherwise owed to Plaintiff (including under COBRA and under the put rights provision of the acquisition agreement). The only way that the Non-Competition Agreement would come before the court hearing Plaintiff's declaratory judgment action would be if the Defendants

---

[4] Not CG[2.]

7

were to file a counterclaim[5] seeking a determination that Plaintiff had violated the Non-Competition Agreement. As there is no claim asserted or capable of assertion against CG², the resident defendant, under the Complaint as drafted by Plaintiff[6], the joinder of CG² is fraudulent, and therefore CG² is to be ignored for purposes of determining diversity of citizenship.

<u>Analysis-Transfer</u>

Article VII, Section 8.6 of the Acquisition Agreement contains a mandatory choice of forum clause, agreeing that the "exclusive jurisdiction and venue" of "any action between the parties arising out of or relating to [the] Agreement or any of the transactions contemplated by [the] Agreement" is the "state and federal courts located in the State of California."  It is undisputed that Quantum 3D's principal place of business is located in the Northern District of California.  Therefore, under 28 USC §1404 and 28 USC §1391, the case will be transferred to the Northern District of California.

---

[5]  As stated above, Quantum 3d could not even raise alleged breach of the Non-Competition Agreement as a defense to Plaintiff's claim, as there is no interaction between the put rights and the Non-Competition Agreement.  That is, breach of the Non-Competition Agreement is not a defense to an action on the put rights clause of the Acquisition Agreement. Even if Quantum 3d could raise such alleged breach as a defense, such defense would not be a basis for destroying diversity jurisdiction.  *See*, *Aetna Health Inc. v. Davila*, 124 S. Ct. 2488, 2494 (2004) ("The Court has explained that 'whether a case is ... [a federal question case] must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" (citations omitted)).

[6]  It is not appropriate for the Court to speculate about what a differently drafted Complaint might have asserted as claims against the resident Defendant.  Rather, the Court's analysis is limited to what claims actually were asserted.

## Conclusion-Fraudulent Joinder

For the reasons stated above, the Court finds and holds that Plaintiff's Motion To Remand is due to be **DENIED**.  An appropriate order will be entered in the above entitled civil action contemporaneously with the entry of this Memorandum of Decision and consistent with the views herein expressed.

## Conclusion-Transfer

For the reasons stated above, the Court finds and holds that Defendant's Motion To Transfer is due to be **GRANTED**.  An appropriate order will be entered in the above entitled civil action contemporaneously with the entry of this Memorandum of Decision and consistent with the views herein expressed.

## Conclusion-Motion to Amend

Because, as stated above, the Court is transferring this case, the Court declines to rule on Defendant's Motion To Amend Answer, in the belief that such Motion should be ruled on by the transferee court.

**DONE** this the 22nd day of November, 2004.

**VIRGINIA EMERSON HOPKINS**
United States District Judge